IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02108-BNB

MOHAMMED SALEH,

    Applicant,

v.

ERIC HOLDER, et al.,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 28 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Mohammed Saleh, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Saleh filed *pro se* in the United States District Court for the District of Columbia (District of Columbia) a petition and amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction and sentence in the United States District Court for the Southern District of New York (Southern District of New York). The District of Columbia ordered the action transferred to this Court.

On September 22, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Saleh to cure certain deficiencies in the instant action within thirty days. He specifically was directed either to pay the $5.00 filing fee or to submit on the proper, Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. He also was directed to submit an Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the proper, Court-approved form. The September 22 order warned Mr. Saleh that, if he failed to cure the designated deficiencies within the time allowed, the petitions and the action would be dismissed without prejudice and without further notice.

On October 20, 2010, Mr. Saleh submitted a copy of a receipt showing that he paid the $5.00 filing fee in the District of Columbia. Therefore, the requirement in the September 22 order that he submit on the proper, Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action will be waived. He also submitted on the proper, Court-approved form two nearly identical copies of an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging his federal conviction and sentence. He previously attacked his conviction and sentence in this Court. *See Saleh v. Davis*, No. 10-cv-01066 (D. Colo. July 9, 2010) (dismissed because Applicant has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court, the Southern District of New York), *affirmed*, No. 10-1297 (10th Cir. Oct. 8, 2010) (not the mandate). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

The Court must construe Mr. Saleh's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, the amended applications will be denied.

It is clear from the habeas corpus applications that Mr. Saleh is attacking his federal conviction and sentence and not the execution of his sentence. Mr. Saleh asserts three claims: (1) that he was illegally sentenced on charges of treason, (2) that he has been illegally detained on a judgment and commitment order, and (3) that he is illegally detained on a charge of treason. In his first and third claims, he also complains that he did not receive a jury trial. In addition, he contends in his third claim that he is actually innocent of treason, but he does not argue that he is actually innocent of his crimes of conviction.

According to www.pacer.psc.uscourts.gov, Mr. Saleh was convicted on charges of seditious conspiracy, bombing conspiracy, and attempted bombing in the Southern District of New York Criminal Action No. 93-cr-00181-WHP-8. He was sentenced to consecutive sentences totaling 420 months, followed by 3 years of supervised release. Judgment was entered on the docket on January 17, 1996. Mr. Saleh appealed from his conviction and sentence to the United States Court of Appeals for the Second Circuit (Second Circuit), which affirmed his conviction and sentence. *See United States v. Rahman*, 189 F.3d 88 (2d Cir. 1999). Mr. Saleh filed a motion pursuant to § 2255, which the sentencing court denied on October 22, 2003. On July 8, 2004, the Second Circuit dismissed his appeal from the denial of his § 2255 motion. On June 22, 2009, the sentencing court denied his motion to reduce sentence pursuant to 18 U.S.C. § 3582.

The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. "A petition under 28

3

U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id*. (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Saleh fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective. The fact that Mr. Saleh has sought and been denied relief pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Saleh likely is barred from raising his claims in a second or successive motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Therefore, the habeas corpus applications will be denied and this action dismissed because Mr. Saleh

4

has an adequate and effective remedy pursuant to § 2255 in the sentencing court. Accordingly, it is

ORDERED that the requirement in the September 22, 2010, order that Applicant, Mohammed Saleh, submit within thirty days on the proper, Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action is waived because on October 20, 2010, Mr. Saleh submitted a copy of a receipt showing that he paid the $5.00 habeas corpus filing fee in the transferring court, the United States District Court for the District of Columbia. It is

ORDERED that the habeas corpus applications pursuant to 28 U.S.C. § 2241 filed by Applicant, Mohammed Saleh, are denied and the action dismissed because Applicant has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court, the United States District Court for the Southern District of New York.

DATED at Denver, Colorado, this 27th day of October, 2010.

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02108-BNB

Mohammed Saleh
Reg No. 34853-054
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/28/10

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk